

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KENNETH R. PATTERSON,**

Plaintiff,

v.                                                                    Civil Action No. **3:08CV186**

**FEDERAL BUREAU OF INVESTIGATION,** *et al.,*

Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, submitted this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), and the Privacy Act, 5 U.S.C. § 552a (2006).   The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A.

## I. PRELIMINARY REVIEW UNDER THE PRISON LITIGATION REFORM ACT

On April 26, 1996, the President signed into law the Prison Litigation Reform Act of 1995 ("PLRA").   Among other things, the PLRA requires a court to dismiss any action filed by a prisoner if it determines the action (1) "is frivolous" or (2) "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).   The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams,* 490 U.S. 319, 327 (1989)).   The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY

On January 26, 2005, Plaintiff entered into a plea agreement with the United States whereby he agreed to plead guilty to two counts of mail fraud and to one count of conspiracy to defraud the United States in connection with insurance crimes. Plea Agreement, *United States v. Patterson*, 3:05CR48 (E.D. Va. filed Jan. 26, 2005). On June 28, 2005, Plaintiff was sentenced to a total term of 150 months imprisonment and, on October 10, 2006, the Court ordered Plaintiff to pay ten million dollars in restitution.

On March 24, 2008, Plaintiff brought this civil action, requesting the Court to compel the defendants, two United States agencies and the United States Attorney for the Eastern District of Virginia, to respond to his FOIA/Privacy Act requests for documents pertaining to his criminal case. By Memorandum Order entered on May 29, 2008, the Court noted that, in the binding plea agreement in his criminal case, Plaintiff had waived his right to bring any claims under the FOIA or the Privacy Act. *See* Plea Agreement ¶ 6. In that same Memorandum Order, the Court

2

directed Plaintiff to show cause why the present action should not be dismissed pursuant to the plea agreement's waiver provision.  On June 10, 2008, Plaintiff's response was filed.

## III.  ALLEGATIONS

Plaintiff asserts that the plea agreement's FOIA waiver provision only applies where he seeks to use documents from his criminal case in a criminal action, but not when he seeks to use such documents in a civil action.  Plaintiff suggests that the documents pertaining to the investigation and prosecution of his criminal case are needed to sue individual government employees in a *Bivens*[1] action.  Plaintiff further submits that it is against public policy to allow enforcement of such a waiver where it restricts his right to pursue civil claims in an action under 28 U.S.C. § 2255.  Plaintiff cites no case law to support this argument.

## IV.  ANALYSIS

A plea agreement is analyzed with stricter scrutiny than the Court would apply to an ordinary commercial contract, because fundamental constitutional rights are usually implicated. *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993) (*citing United States v. Harvey*, 791 F.2d 294, 299 (4th Cir. 1986)).  Nevertheless, the Court's interpretation of plea agreements is guided by the understanding that "[p]lea bargains rest on contractual principles, and each party should receive the benefit of its bargain." *Id.*  The United States Court of Appeals for the Fourth Circuit recently advised that federal courts are to apply "standard contract law [to] enforce a plea agreement's plain language . . . and do not write the contracts of the parties retroactively, but merely construe the terms of the contract the parties have previously signed.'" *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007)  (internal citations and quotation marks omitted).  The

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Fourth Circuit in *Jordan* further stated that "'[w]hether a written agreement is ambiguous or unambiguous on its face should ordinarily be decided by the courts as a matter of law.'" *Id.* (*quoting Harvey*, 791 F.2d at 300). Thus, where a "plea agreement is unambiguous as a matter of law, and there is no evidence of governmental overreaching, [the court] should interpret and enforce the agreement accordingly." *Id.* (*citing Harvey*, 791 F.2d at 300).

Here, the plea agreement contained the following waiver provision:

> The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation of prosecution of this case, including *without limitation* any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

Plea Agreement ¶ 6, *United States v. Patterson*, 3:05CR48 (E.D. Va. filed Jan. 26, 2005) (emphasis added). Plaintiff's assertion, that this waiver was not intended to bar access to records used in his criminal case if he is seeking to use such records to pursue a civil action, is belied by the unambiguous language of the FOIA waiver provision. Plaintiff's reasons for requesting these documents are of no import. The plain language of the FOIA waiver provision indicates that Plaintiff has relinquished, "without limitation," his right to seek any records or documents that pertain to his criminal case. No exception or limitation is listed in this waiver provision and the Court will not read a "civil action" exception clause into this plea agreement where one does not exist. *See Jordan*, 509 F.3d at 196 n.2; *see also United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994). The use of a FOIA waiver in a valid and binding plea agreement is an enforceable provision that this Court must respect. *See United States v. Lucas*, 141 F. App'x 169, 170 (4th Cir. 2005) (No. 04-6654), *available at* 2005 WL 1971567, at *1, *cert.*

4

*denied*, 546 U.S. 1196 (2006).  Plaintiff does not dispute that his waiver was knowing and voluntary and the waiver provision was unambiguous; therefore, the plea waiver provision is both valid and enforceable. *See United States v. Burton*, 201 F. App'x 186, 189 (4th Cir. 2006) (No. 04-4579), *available at* 2006 WL 2793080, at *2.

## V. CONCLUSION

To the extent Plaintiff is claiming that he has a right to access documents pertaining to the investigation and prosecution of his criminal case under FOIA or the Privacy Act, this claim has no arguable basis in law or fact.  Accordingly, this action is barred by the plea agreement's waiver provision and will be DISMISSED as frivolous.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-26-08
Richmond, Virginia